321 So.2d 516 (1975)
STATE of Louisiana, Appellee,
v.
Allen BROWN, Jr., Appellant.
No. 56223.
Supreme Court of Louisiana.
November 3, 1975.
*517 James D. Caldwell, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., Lowen B. Loftin, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Brown was convicted of armed robbery, La.R.S. 14:64, and sentenced to thirty-nine years at hard labor. He appeals, relying upon five assignments of error.

Deputy-Witnesses Lunching with Jurors
The most substantial contention of error is presented by Assignment 5. It concerns the circumstance that two deputies, who were witnesses for the state, were allowed to eat at a table with two jurors who served in the case, immediately before or immediately after they were selected.
The United States Supreme Court has held that the accused may be denied his constitutional right to a fair and impartial jury if placed in charge of, or permitted close and continual association during the trial with, law enforcement or other officers who are significant prosecution witnesses. Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965).
The evidence shows that the already selected and the prospective jurors were cautioned not to discuss the case, and that, although not sequestered, they went in a group for lunch to a cafe near the court-house, *518 where an area was sectioned off for the jurors' group. A deputy sheriff or two was detailed to assist them and to assure their timely arrival back to the courtroom.
During the time the jury was being selected, the chief deputy and another deputy, both of whom later testified in the case, were assigned this duty. However, after the second noon recess, when defense counsel informally objected to the trial court about the practice, the court immediately ordered the sheriff to assign the duty of associating with jurors only to deputies who had nothing to do with the evidence in the case.
There was no evidence that the jurors or prospective jurors discussed the case. The deputies testified, without contradiction, that the conversation when they sat with one juror on one occasion and with two on another was about hunting and of a casual nature not related to the present case.
Considering the prompt action by the trial judge immediately after the matter was brought to his attention, as well as the lack of evidence as to any improper influence, we are doubtful that the impropriety, of a casual nature, constituted prejudicial error. State v. Dotson, 260 La. 471, 250 So.2d 594 (1971). Nevertheless, we do not reach the substantive merits of the complaint.
The evidence shows the defendant's counsel was fully aware of the circumstances and in fact informally complained of it to the judge at the time and obtained corrective action. Counsel was apparently satisfied at the time, which was before the selection of the jury was completed. Counsel did not make any formal objection at the time nor at any time during the trial. The defendant's first formal contention of error was made after the verdict, in his motion for a new trial.
The belated complaint of error cannot on appeal be the basis by itself for reversal, for an alleged error to which no formal objection is made at the time is deemed waived. La.C.Cr.P. art. 841.
Neither does a motion for a new trial lie for this alleged error, since its factual basis was discovered before or during the trial, La.C.Cr.P. art. 851(3), (4), unless the trial court in its discretion is of the opinion that the ends of justice would thereby be served, La.C.Cr.P. art. 851(5).
The motion for a new trial was properly denied. We find no abuse of discretion in the trial court's denying the new trial sought for the above reason on this latter discretionary ground.

Other Assignments
The other assignments of error are without merit:
Under the evidence and showing made, the motions for a change of venue (Assignment 1) and for severance of the trial of the two defendants (Assignment 2) were properly denied by the trial court, for the reasons stated in its excellent per curiams. The evidence of the kidnapping of a victim and another person following the robbery, and of incidents connected therewith, were admissible as an immediate incident and concomitant of the robbery, forming with it a continuous transaction, La.R. S. 15:448 (res gestae) (Assignment 3). The belated attack on the sufficiency of the bill of information made by motion to quash after the verdict raises no reversible error, since the technical insufficiency of an indictment or information may not be questioned after conviction, where as here the accused has been fairly informed of the charge against him by it. State v. James, 305 So.2d 514 (La.1974) (Assignment 4).

Decree
Accordingly, we affirm the conviction and sentence.
Affirmed.