398 So.2d 1093 (1981)
STATE of Louisiana
v.
Terry Paul HAARALA.
No. 80-KA-2668.
Supreme Court of Louisiana.
May 18, 1981.
*1095 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., James S. Farmer and Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert A. Buckley, Chalmette, for defendant-appellant.
DENNIS, Justice.[*]
The defendant, Terry Paul Haarala, was convicted by a jury of simple burglary of the J. K. Hardware Store in Bogalusa, Louisiana, a violation of La.R.S. 14:62, and sentenced to four years' imprisonment at hard labor. He appeals his conviction in nine assignments of error. We find none of the assignments meritorious and accordingly affirm his conviction and sentence.
The instant offense arose from the following factual sequence. On March 19, 1980 at approximately 3:45 a. m., a Bogalusa resident who lived near the J. K. Hardware Store and Starnes Drugstore was awakened by someone beating on the drugstore back door. The resident alerted the Bogalusa Police. Two officers, upon arrival, entered an alleyway behind the drugstore and discovered the defendant crouched behind an air conditioning unit apparently sleeping. They asked the defendant to stand up, and upon arising, a pipe cutter fell from the defendant's overall pocket. Upon further investigation, the police officers found that a hole had been cut in the fence enclosing the hardware store's pipe yard. They saw tennis shoe tracks in the pipe yard and noticed that the defendant was wearing tennis shoes which were covered with mud and grease similar to that in the pipe yard. The officers found a ball peen hammer on the defendant and a pneumatic scathing chisel at the foot of the back door of the drugstore about five feet from where the defendant was crouching. They seized these items and arrested the defendant. Subsequently, the owner of the hardware store identified the hammer, chisel, and pipe cutter as belonging to his store.
*1096 ASSIGNMENT OF ERROR NO. I
The defendant contends that the trial court erred in failing to disqualify three prospective jurors from service in his trial. The defendant concedes that no objection to these jurors was urged below. This court has long recognized that allegations concerning the competency of jurors are tardy when first raised after verdict. La.C.Cr.P. art. 841; State v. Collins, 359 So.2d 174 (La.1978); State v. Alexander, 351 So.2d 505 (La.1977). Accordingly, this assignment is without merit.
ASSIGNMENT OF ERROR NO. II
The defendant argues that the trial court abused its discretion in denying his motion for a continuance filed the day of the trial. The defense counsel alleges that he had received assurances that another client's case would be tried first, and when this case was continued, he was inadequately prepared to try the defendant's case.
Article 712 of the Code of Criminal Procedure gives the trial judge discretion to grant a continuance if good grounds for such are shown. As a general rule, the denial of a continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice caused by the denial. State v. Durio, 371 So.2d 1158 (La. 1979); State v. Hammontree, 363 So.2d 1364 (La.1978).
In the present case, the defense counsel had adequate time to prepare. He had been actively engaged in the representation of the defendant for about ten weeks prior to trial; the accused's June 23rd trial date was set immediately following his arraignment on April 10, 1980. Discovery was completed well prior to trial. The defendant's defense strategy apparently never materially varied and was not unduly complicated. No specific claim of prejudice was made, nor does support for such a claim appear in the record. Despite ample advance notice of the accused's trial date, the defense failed to seek a continuance until the day of trial. Under these circumstances, we find the defendant's argument without force.
ASSIGNMENT OF ERROR NO. III
By this assignment, defendant contends that the trial judge erred in denying his motion for mistrial based on the prosecution's repeated references to other crimes and the state's failure to give pretrial notice of its intention to introduce such evidence.
Defendant Haarala was originally charged in separate bills of information with both simple burglary of the J. K. Hardware Store and with attempted simple burglary of Starnes Drugstore. Both cases were called for trial on June 23, 1980, at which time the `state announced that it would try only the hardware store burglary count. Shortly thereafter, in his opening remarks to the jury, the prosecutor made reference to the defendant's beating on the back door of the Starnes pharmacy. The defense objected to this allusion as evidence of another crime, reference to which was impermissible during the opening statement since, at that time, there was no evidentiary basis for the admission of such evidence as res gestae. La.R.S. 15:447-48. The trial court agreed, but denied defendant's request for mistrial, La.C.Cr.P. art. 770, upon the state's assurances that evidence adduced at trial would demonstrate the attempted burglary of Starnes and the previous burglary of J. K. Hardware formed one continuous transaction. The defendant made his objection general to testimony which tended to indicate criminal conduct involving the drugstore and specifically objected several times to such testimony by various state witnesses. At the close of the state's case-in-chief, the trial court denied defendant's motion for a mistrial, convinced that the state had shown the references to the drugstore were admissible as res gestae.
The defendant argues that references to the attempted break-in of the drugstore did not serve to prove any contested issue at trial, but rather, sought only to depict the accused as a bad person. Since evidence of other crimes is not admissible for that purpose, defendant claims that the trial court committed reversible error in failing to *1097 grant his motion for a mistrial. La.C.Cr.P. art. 770; State v. Prieur, 277 So.2d 126 (La.1973). Even assuming that the admission of such evidence was proper, defendant further urges that the state failed to provide him with pretrial notice of its intent to introduce this evidence as required by State v. Prieur, supra.
As a general rule, the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some purpose other than to show that the accused is a bad man and thus more likely to have committed the crime. State v. Monroe, 364 So.2d 570 (La.1978); State v. Sutfield, 354 So.2d 1334 (La.1978). This rule results from the belief that admission of this type character evidence creates a great risk of unjust convictions because the jury is likely to give the evidence excessive weight and convict the defendant merely because he is a bad man, because the defendant may well be unprepared to face such attacks, and because the jury is likely to be confused by proof of collateral issues. State v. Prieur, 277 So.2d 126 (La.1973); Comment, Other Crimes Evidence in Louisiana, 33 La.L.Rev. 614 (1973).
The general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed. 1 Wigmore, Evidence § 218 (3d ed. 1940). In Louisiana, such acts are denominated as part of the res gestae and admitted under the authority of La.R.S. 15:447-48. A very close connexity between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception is required. See State v. Schwartz, 354 So.2d 1332, 1334 (La.1978) and cases cited therein. This close connexity in time and location is essential to the exception because no notice of the state's intention to introduce evidence of offenses which are part of the res gestate is required. See La.C.Cr.P. art. 720; State v. Prieur, supra; Pugh, Louisiana Evidence Law 100-01 (Supp.1978) excerpting 35 La.L.Rev. 525, 526-27 (1975).
This Court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La.1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed. 1972). The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence § 218 (3d ed. 1940).
After carefully reviewing the record, we conclude that the references to a possible attempted break-in of the drugstore were properly admitted as part of the res gestae. The beating on the drugstore door prompted the complaint to the police and the subsequent investigation. Reference to this disturbance was necessary to show the immediate context out of which the charged offense arose and to present accurately the state's case. The state theorized that the tools were taken from the hardware store in order to break into the drugstore across the alleyway. The police officers testified that they had examined the alleyway fifteen minutes earlier and found nothing suspicious. Therefore, the burglary of the hardware store and the attempted burglary of the drugstore had to take place within a few minutes of each other. Also, the defendant was certainly not unfairly surprised by the reference to the attempted break-in of the drugstore because that charge had been scheduled for trial the same day.
*1098 Because the other crimes evidence was properly admitted without notice, no error is presented by this assignment.
ASSIGNMENT OF ERROR NO. IV
The defendant complains that though the trial judge sustained his objection to opinion testimony being offered by one of the state's witnesses, he erred in not also admonishing the jury to disregard such testimony. However, the record indicates that the defendant did not request an admonition. Accordingly, this assignment is without merit.
ASSIGNMENT OF ERROR NO. V
The defendant contends that the trial court erred in allowing one of the investigating officers to testify that he observed tennis shoe prints in the greasy pipe yard area of the hardware store which were similar to those made by the shoes the defendant was wearing. The officer conceded that the prints in the pipe yard could have been made by anyone wearing the same type of shoe and that no cast had been taken of these footprints.
Although a witness may testify only as to facts within his personal knowledge, and unless properly qualified as an expert, may not offer his own opinions, he is not prohibited from testifying as to natural inferences drawn from facts he has personally observed. E. g., State v. Taylor, 347 So.2d 172 (La.1977); State v. Passman, 345 So.2d 874 (La.1977). In the present case, the officer directly observed both the footprints left at the hardware store and the shoes worn by the defendant at the time of his arrest. On the basis of these observations he was competent to testify that the prints found at the hardware store were of the same pattern as would have been made by the defendant's shoes. Thus, the trial judge did not err in admitting such testimony.
ASSIGNMENT OF ERROR NO. VI
The defendant contends that the trial court erred in permitting the introduction into evidence of various tools without first requiring a foundation as to the relevancy of said tools to the instant prosecution.
The tools were seized and tagged as evidence in this case by the investigating officers. Thereafter, the tools were placed in the police evidence locker. At trial, the owner of the hardware store noted certain peculiarities about the tools which distinguished them as belonging to his business. The ball peen hammer was identified by a safety sticker and a distinctive design left by the oil and grease; the pipe cutter was identified by virtue of a new cutting wheel which the owner of the store had placed on it two days prior to the defendant's arrest; the chisel bore a "V" imprint which he had notched on it. Following the store owner's testimony, the trial court permitted the introduction of all three items.
Under the circumstances presented here, it is clear that the tools introduced into evidence at trial are, more probably than not, the same items that were taken from Klinczak's hardware store. All three exhibits were identified both visually and by chain of custody. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Paster, 373 So.2d 170 (La.1979); State v. Drew, 360 So.2d 500 (La.1978).
This assignment is without substance.
ASSIGNMENT OF ERROR NO. VII
The defendant argues that the trial court erred in failing to instruct the jury as to the limited purpose for which the jury might consider evidence of the attempted entry into drugstore.
The defendant did not challenge the accuracy of this instruction below however. An alleged error in the jury instruction is not preserved for appeal in the absence of a contemporaneous objection. La. C.Cr.P. art. 841; State v. Jefferson, 379 So.2d 1389 (La.1980). We note also that the other crimes evidence was admissible as part of the res gestae as earlier discussed. The trial judge adequately cautioned the jury that the defendant was not to be found *1099 guilty merely because he may have committed another offense. This assignment is without merit.
ASSIGNMENT OF ERROR NO. VIII
In this assignment, the defendant contends that the trial court erred in denying a continuance with regard to his motion for a new trial and sentencing.
Trial of this case was held and completed June 23, 1980 and sentencing was scheduled for August 29, 1980. Shortly after trial, defendant's present counsel was retained to represent the accused at sentencing and on appeal. On the date set for sentencing, counsel filed a motion for a new trial, urging that the jury's verdict was contrary to the weight of evidence and that the ends of justice would be served by granting the new trial. Counsel asked that a hearing on the motion and sentencing be postponed for two weeks in order to allow him to prepare. The trial judge denied the motion upon learning that the present counsel had been retained over a month earlier and he had not yet requested a transcript. After defense counsel argued briefly, the motion for a new trial was denied. The defendant was thereafter sentenced to four years' hard labor.
The denial of a motion for continuance on grounds of counsel's lack of preparedness does not warrant reversal unless counsel is able to demonstrate specific prejudice resulting from this denial. State v. Durio, 371 So.2d 1158 (La.1979). There is no such allegation of prejudice here; defendant's right to challenge the sufficiency of the evidence adduced below is fully protected by review in this Court. State v. Peoples, 383 So.2d 1006 (La.1980). In view of the considerable time available for the new defense counsel to prepare for the motion and the absence of allegations of specific prejudice, this assignment is without merit.
ASSIGNMENT OF ERROR NO. IX
In defendant's last assignment, he challenges the sufficiency of the evidence supporting his conviction. Specifically, he claims that the state failed to demonstrate: 1) that he had actually entered the hardware store's pipe yard, and 2) that this fenced area constituted a structure within the meaning of La.R.S. 14:62.
The hardware store owner testified that the hole in the fence to the pipe yard had been enlarged to a diameter of about eighteen inches. Prior to the night of the defendant's arrest, there was only a small hole in the fence through which pipe was sometimes passed. The state offered testimony by the investigating officers that the defendant's tennis shoes were greasy at the time he was apprehended and that their tread pattern appeared to match the prints inside the pipe yard. The tools found in the defendant's possession were identified by the owner of the hardware store as his. Viewed in a light most favorable to the prosecution, the evidence in the record is clearly sufficient to support the jury's findings that the defendant entered the pipe yard and to meet the Jackson standard of review. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We also reject the defendant's claim that the state failed to prove that the pipe yard is properly considered a structure under La.R.S. 14:62. The state witnesses testified that the pipe yard was completely enclosed and inaccessible to entry by the public. The outer walls of the two stores adjoining the hardware store extended beyond the rear of the hardware store. The resulting alcove was enclosed by the erection of a two by four open wire fence along the line formed by the rear of the surrounding businesses and by placing a tin roof over the entire area. The fence extended from the ground to the roof. We conclude that this enclosure is properly considered a "building-type structure," the invasion of which is prohibited by La.R.S. 14:62. See State v. Alexander, 353 So.2d 716 (La.1977); State v. Baggett, 292 So.2d 201 (La.1974).
This assignment lacks merit.
For the reasons above stated, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] The Honorables O. E. Price, Fred W. Jones, Jr. of the Court of Appeal, Second Circuit, and G. William Swift, Jr. of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associates Justices Marcus, Dennis and Watson.