410 So.2d 1040 (1982)
STATE of Louisiana
v.
Joseph SIMMS.
No. 81-KA-0346.
Supreme Court of Louisiana.
March 1, 1982.
*1041 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Kenneth Sanders, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert Garrity and Joseph L. Montgomery, of Indigent Defender Program, Metairie, for defendant-appellant.
BLANCHE, Justice.[*]
Defendant, Joseph Simms, was charged by bill of information with two counts of armed robbery. The counts were severed and after a jury trial on count two of the indictment, defendant was found guilty as charged by a jury vote of 10-2. Defendant filed a motion for a new trial alleging the existence of newly discovered evidence, however, this motion was denied by the trial court and defendant was sentenced to ten years with the Department of Corrections. The defendant appeals his conviction and sentence based upon two assignments of error. We affirm.
On December 12, 1978 at approximately 1:30 p.m., two men armed with guns robbed a Mexican import shop located in Jefferson Parish. Susan Blum and Mathilda Lepine were the only persons in the store at the time the men entered and demanded money. After the robbers obtained the money, one of the men ordered the women to lie down on the floor and after they complied, the men escaped without further incident.
Susan Blum and Mathilda Lepine gave the investigating officers a description of the assailants and Susan Blum later positively identified defendant in a photographic lineup and at trial. Mathilda Lepine tentatively identified him in a photographic lineup, however, she felt that two of the eight photographs, one of which was defendant, resembled her assailant and she was unable to make a definite identification on the basis of the photographs. At trial, she did make a positive in-court identification of defendant.

Assignment of Error Number 1
Defendant contends that the trial court erred in denying his motion for a new trial based upon C.Cr.P. art. 851(3). At a hearing on the motion the defendant presented the testimony of Mrs. Jacqueline Lawrence, a timekeeper for the Louisiana Dock Company where the defendant was employed at the time of the offense. She *1042 testified that a record based on the time clock indicated that defendant was at work from 6:50 a.m. until 3:45 p.m. on December 12, 1978, the date of the robbery. Mrs. Lawrence also produced a time sheet turned in by the foreman which specified the jobs defendant had worked on December 12, and the time spent on each job. However, this record did not indicate at what time defendant had worked on each job but, rather, the total number of hours spent on each job. She indicated that the foreman and the men working with defendant might know the actual times at which the jobs were performed, however, none of these witnesses testified at the hearing on the motion. The other document she produced was a "turn over", which is a description of the work done on each job and the names of the workers who worked on each, but this also failed to indicate the time each job was performed. Mrs. Lawrence testified that the regularly scheduled lunch hour was from twelve o'clock until quarter of one, and stated that it would be possible for someone to leave the job without following the checkout procedure, although she felt it was unlikely.
Defendant's motion for new trial is based upon C.Cr.P. art. 851(3), which reads as follows:
"Art. 851. Grounds for new trial
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; ..."
The burden on the defendant in obtaining a new trial under C.Cr.P. art. 851(3) is two-fold: first, he must demonstrate that the evidence was not discoverable before or during trial despite the exercise of reasonable diligence and, second, he must show that introduction of the evidence at the trial would probably have changed the verdict or judgment of guilty. The defendant has failed to carry this burden, because no explanation was offered by the defense to explain the belated disclosure of Jacqueline Lawrence's testimony and defendant's work records. In fact, at trial, the defendant testified that he did not remember where he was on the day of the crime, but stated that his employer would have a record of whether or not he was at work that day. Because defendant was obviously aware of these records at trial, his failure to establish reasonable diligence in producing them precludes granting a new trial based upon C.Cr.P. art. 851(3).
We also take note of the district judge's statement made in the denial of the motion for a new trial that he remained considerably impressed by the fact that both victims of the robbery clearly and positively identified the defendant as the person who committed the armed robbery.
This assignment of error lacks merit.

Assignment of Error Number 2
Defendant next contends that the trial judge failed to comply with the provisions of C.Cr.P. art. 894.1 and that the sentence imposed was excessive.
The defendant was sentenced to ten years at hard labor without benefit of parole, probation or suspension of sentence; therefore, his sentence falls within the lower range of sentences which might have been imposed within the statutory limits of five to ninety-nine years. We have held, however, that even when a sentence is within the statutory limit, it may be reviewed by this Court for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court referred only to the seriousness of the defendant's conduct in imposing sentence herein. Although this statement is insufficient to comply with the mandate of C.Cr.P. *1043 art. 894.1 that the sentence be particularized to the offense and the offender, a remand for compliance with C.Cr.P. art. 894.1 will not be necessary.
A sentence may be vacated and a case remanded for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense do not appear in the record. State v. Jackson, 360 So.2d 842 (La.1978). However, in State v. Jones, 381 So.2d 416 (La.1980), we held that a sentence of fifteen years at hard labor without benefit of probation, parole or suspension of sentence for armed robbery was not apparently severe and, therefore, did not require remand for compliance with C.Cr.P. art. 894.1 although it had not been complied with by the trial court. Because the sentence in this case was not apparently severe, compliance with C.Cr.P. art. 894.1 was not necessary; therefore, this assignment of error lacks merit.
The conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Second Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.