440 So.2d 153 (1983)
STATE of Louisiana
v.
Stanley CATCHINGS.
No. KA-0548.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
Rehearing Denied November 22, 1983.
*155 Noland & Boasso, Lawrence J. Boasso, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., John H. Craft, Asst. Dist. Atty., New Orleans, for the State.
Before GULOTTA, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Stanley Catchings was charged, by bill of information, with being a convicted felon in possession of a firearm. R.S. 14:95.1. After a jury trial, the defendant was found guilty as charged and was sentenced to serve nine (9) years and eleven (11) months imprisonment at hard labor; was fined three thousand ($3,000) dollars and, in lieu of payment of this fine, was ordered to serve an additional thirty (30) days in jail. The defendant has appealed his conviction and sentence relying upon six (6) assignments of error.
On May 24, 1982 Officer Jimmy Slack of the New Orleans Police Department was in the vicinity of Conti and Treme Streets in New Orleans when he observed a subject shout from a second story balcony. He watched people running from a courtyard to the side of a truck. He then saw a grey 1974 Dodge Coronet automobile driving off from the far end of Conti Street and proceeding unto Basin Street. Officer Slack radioed for assistance and proceeded to stop the grey vehicle in the 400 block of Basin Street. The vehicle was occupied by the defendant, Stanley Catchings, and a black female companion. The vehicle belonged to Delphia Walker, the mother of a child of the defendant. She had loaned the car to the defendant on the previous day because she was going on a trip and the defendant was to use the vehicle to bring her to the airport.
The defendant was arrested by Officer Slack and charged with attempted murder.
Officer John Laper assisted in the shooting investigation. After receiving an emergency radio broadcast and talking to Officer Slack, Officer Laper went to the 1200 block of Conti Street. There he recovered two spent bullets: one from inside the residence at 1312 Conti Street and one from the sidewalk outside that residence. He also recovered two live rounds of ammunition from the bottom of the steps inside the first floor of the residence. He left the residence and proceeded to the scene of the arrest. Officer Laper was given permission, by the defendant, to search the vehicle. He found a .38 five-shot revolver, containing three live rounds of ammunition, wedged to the top of the dashboard about 6 to 8 inches from the glove compartment. A check of the registration of the gun failed to reveal a registrant. No fingerprints were on the gun. According to Officer Slack two live rounds of ammunition were also recovered from the defendant's right front pocket.
*156 Assignment of Error No. 1.
Defendant objects and assigns error to the actions of the trial court in restricting voir dire examination by defense counsel.
The defendant first complains that the trial court erred in refusing to allow an inquiry as to whether any of the potential jurors supported gun control legislation.
The purpose of voir dire examination is set forth in the Louisiana Supreme Court decision of State v. Perry, 420 So.2d 139 at 144 (La.,1982):
We have recognized that the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. It is designed to discover bas[e]s for challenges for cause and to secure information for an intelligent exercise of peremptory challenges.
The Louisiana Constitution guarantees the accused the right to full voir dire examination of prospective jurors. La. Const. Art. 1 § 17. The scope of voir dire examination, however, is within the sound discretion of the trial judge and such rulings will not be disturbed absent an abuse of discretion. C.Cr.P. Art. 786. State v. Perry, supra.
The defense counsel asked whether any juror was actively involved in legislation for gun control or were proponents for gun control legislation. The court sustained the State's objection to this inquiry. The court stated:
"Objection sustained. That has nothing to do with this charge at all.
* * * * * *
Ask them if they've got prejudice against people who carry guns. That's all. Don't go into something like this."
Therefore, it is clear that the trial judge evaluated the defense's inquiry and found it to be irrelevant. We find no abuse of discretion in this ruling. Furthermore, no prejudice could have resulted from this ruling because the trial judge afforded the defense counsel the opportunity to make a relevant inquiry on the subject and he even suggested the proper form of the question. Defense counsel did not avail himself of the opportunity afforded him to make a relevant inquiry. For these reasons we find that the trial court did not err in this ruling.
The defendant next complains that the trial court erred when it denied defense counsel the right to traverse a juror challenged by the State for cause.
The State questioned whether any potential juror, because of a problem with any member of the New Orleans Police Department, felt that he could not be fair and impartial in judging a police officer's testimony. One juror related a recent bad encounter with a member of the local police department. This juror was asked whether he would equate that police officer with all police officers and he responded that he would. The State challenged the juror for cause and the court accepted the challenge. The defense stated that it would like a chance to traverse and the court responded by saying that it was not necessary and added "If you think you could rehabilitate a juror like that": The defendant excepted to the court's ruling.
The State or defendant may challenge a juror for cause on the grounds that the juror is not impartial, whatever the cause of his partiality. C.Cr.P. Art. 797(2). "When a defense attorney is precluded from voir dire examination of a prospective juror which may have demonstrated the juror's ability to render an impartial verdict, the granting of a prosecution challenge for cause by the trial court deprives an accused of his right to full voir dire examination." State v. Claiborne, 397 So.2d 486 at 487. (La.,1981).
In this case the trial judge was satisfied that the potential juror was not impartial. The juror gave no indication that he may have been rehabilitated as he responded unequivocally that he would equate all police officers with the one involved in his bad experience. Accordingly, we find no abuse of discretion by the trial court's ruling.
*157 Moreover, it is worthy of note that even if the allowance of the State's challenge for cause had been erroneous, the defendant would have no grounds for complaint in this case as the State had exercised a total of only six peremptory challenges throughout the trial. C.Cr.P. Art. 800. State v. Edwards, 406 So.2d 1331 (La., 1981).
Assignment of Error No. 1 lacks merit. Assignments of Error Nos. 2 and 3.
The defendant, by these assignments of error, complains that irrelevant and prejudicial evidence of "other crimes" was admitted at the trial of this case, without prior notice of the State's intention to use such evidence. He further alleges that the trial court erred in refusing to grant a mistrial due to the erroneous introduction of this evidence.
The defendant avers that under R.S. 14:95.1 the State needed to prove only that the defendant was in possession of a firearm and that he had been convicted of one of the enumerated felonies listed in the statute. See: State v. Mose, 412 So.2d 584 (La.,1982). Accordingly, he reasoned that the introduction of evidence of other crimes was irrelevant.
The trial judge has wide discretion in controlling the scope and extent of questioning and his ruling will not be disturbed absent a clear abuse of discretion. State v. Marcal, 388 So.2d 656 (La.,1980) cert. den. 451 U.S. 977, 101 S.Ct. 2300, 68 L.Ed.2d 834, reh. den. 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984. Res gestae is always admissible in evidence. R.S. 15:447. State v. Brown, 395 So.2d 1301 (La.,1981). The res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants and not the words of the participants when narrating the events. R.S. 15:447. In order to constitute res gestae the utterance or circumstances must be a necessary incident of the criminal act or an immediate concomitant of it, or form in conjunction with the act one continuous transaction. R.S. 15:448. State v. Drew, 360 So.2d 500 (La.,1978), cert. den. 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25. This close connexity in time and location is essential because no notice is required by the State that it intends to introduce evidence which forms part of the res gestae. State v. Haarala, 398 So.2d 1093 (La.,1981).
The investigation of the shooting incident and the determination that the subject gun had been fired were events which formed part of a continuous transaction involving the defendant's possession of the firearm. Therefore, the testimony of Officers Slack and Laper, on this subject was relevant and clearly admissible as part of the res gestae. No notice was required by the State regarding the intent to use this evidence and the trial court correctly denied defendant's motion for a mistrial grounded upon these allegations.
These assignments of error lack merit. Assignment of Error No. 4.
Defendant contends that the trial court erred in refusing to allow counsel to traverse the police officer's qualifications as a weapon's and ammunition's expert. He further alleges that the court erred in qualifying Officer Laper as an expert.
The trial judge is vested with wide discretion in determining the competence of an expert witness. State v. Boyer, 406 So.2d 143 (La., 1981). To warrant use of expert testimony the subject of the inquiry must be so distinctly related to some science, profession, business or occupation as to be beyond the understanding of the average layman and the witness must have sufficient skill, knowledge or experience in that field to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth. R.S. 15:464. State v. Wheeler, 416 So.2d 78 (La.,1982). Experience, as well as special training, can qualify an individual as an expert witness. 15:464. See: State v. Short, 368 So.2d 1078 (La.,1979), cert. den., 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113. However, the fact that a witness called as an expert is not competent to give expert testimony does *158 not affect his competency to testify as to matters not requiring expert knowledge. R.S. 15:467. Where there is a challenge to the expert qualifications of a particular witness, cross-examination on the issue of competency should be afforded before the testimony on the subject matter is received. See: State v. McCall, 162 La. 471, 110 So. 723 (La.,1926).
The court asked the witness how long he had been a policeman and he replied 23 years. The court then responded "He's an expert". When the defendant requested a right to traverse the witness' qualifications, the court said that this could be done at the time of the cross-examination. The defendant requested a mistrial which was not ruled upon. The defendant next objected to the testimony of the witness concerning the effects of teflon coated ammunition and its reputation on the market. The objection was overruled. During cross-examination of this witness, the defendant discovered that the witness had attended numerous seminars and schools, homicide seminars and schools dealing with violent crimes. In addition, the witness stated that he specialized, for many years, in sex crimes and homicide investigations which entail the study of ballistics, and the result and trauma caused by missiles. However, he admitted that he was not a law enforcement expert and he had not previously been qualified to testify as a ballistics expert. The State had not offered this witness as an expert and it is questionable as to whether an expert was needed to testify that he observed teflon coated ammunition, that this ammunition could penetrate a bullet-proof vest, and that it was the most dangerous ammunition on the market today. However, since this witness had experience and special training in the field of ammunition, the trial court did not abuse its discretion in qualifying him as an expert. The trial court did err in instructing the defense to wait until cross-examination in order to traverse the witness concerning his expertise. The error, however, was harmless as the witness had sufficient training and experience to qualify as an expert (as was more fully revealed by the defendant's cross-examination). For these reasons, this assignment lacks merit.
Assignment of Error No. 5.
The defendant contends, by this assignment of error, that the district court imposed an unconstitutionally excessive sentence.
The conviction of the crime of being a convicted felon in possession of a firearm carries a sentence of imprisonment at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars. R.S. 14:95.1(B). In this case the trial judge ordered the defendant to serve nine years and eleven months in prison at hard labor and to pay a fine of three thousand dollars or serve an additional thirty days in jail.
The imposition of a sentence within statutory limit may violate a defendant's constitutional rights against excessive punishment. La. Const. Art. 1 § 20. State v. Sepulvado, 367 So.2d 762 (La.,1979). The courts must attempt to particularize the sentence to the offender. State v. Kersey, 406 So.2d 555 (La.,1981). Therefore, the trial judge is required to state for the record the considerations taken into account in imposing a particular sentence. State v. Simms, 410 So.2d 1040 (La.,1982). He should consider circumstances militating for incarceration and those mitigating against it. State v. Franks, 373 So.2d 1307 (La.,1979), cert. den. 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818.
In this case the court found that the defendant was a violent recidivist and he did not intend to rehabilitate. There is, however, no indication that the court considered any mitigating factors in order to particularize this sentence to the offender.
Since we are unable to review the excessiveness of the defendant's sentence because it was imposed without full adherence to the statutory guidelines for sentencing, *159 we must set the sentence aside and remand for resentencing.
Assignment of Error No. 6.
In his sixth assignment of error the defendant contends that the evidence adduced at trial was insufficient to support a finding of guilt.
Under the United State's Supreme Court decision of Jackson v. Virginia, a conviction cannot stand unless the evidence viewed in the light most favorable to the prosecution would convince any rational trier of fact that the State proved the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1981).
In this case the accused was charged with being a convicted felon in possession of a firearm. R.S. 14:95.1. The essential elements of the crime are set forth in R.S. 14:95.1(A) which provides:
95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
* * * * * *
It is noteworthy that constructive possession will satisfy the element of "possession." State v. Mose, supra.
The State proved that the accused was a convicted felon by introducing, without opposition, the certified bill of information and minute entry of the defendant's conviction for simple robbery in 1975 (Doc. No. 240-271 B). The State also introduced into evidence a .38 caliber revolver which was seized from the car which the defendant had occupied at the time of his arrest. The balance of the evidence revealed that the defendant was stopped because he was suspected of committing attempted murder. He was in the automobile owned by a friend, Delphia Walker. Ms. Walker testified that she lent the car only to the defendant and she did not put a gun in the car. She further testified that she had not seen this gun before and she did not own a weapon.
Officer Laper testified that he recovered two spent pellets and two live rounds of ammunition from the Conti Street residence. He also testified that he seized the gun from the car occupied by the defendant and at that time the gun contained two spent casings and three rounds of ammunition. Officer Laper also testified that the spent pellets were the same sort of pellets as were in the live rounds of ammunition.
Officer Slack testified that he recovered two live rounds of ammunition from inside the defendant's right front pocket.
The totality of the evidence when viewed in the light most favorable to the prosecution satisfies this Court that any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt.
For these reasons, Assignment of Error No. 6 has no merit.
For the reasons herein assigned the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing, with a full statement of reasons for the particular sentence imposed.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.