WARD, Judge.
Charles Keys was found guilty by a jury of possession of Phencyclidine (PCP), a violation of La.R.S. 40:966(C), and sentenced as a multiple offender to three years and four months at hard labor. He now appeals this conviction and sentence, contending that the State failed to present sufficient evidence to sustain a conviction for possession of PCP and that the Trial Judge erred when he overruled defense objections to the prosecutor’s closing arguments and the defense’s motion for mistrial. We find both arguments without merit and affirm.
On November 16, 1988 at 7:00 p.m., two uniformed officers in a marked police unit were on routine patrol when they were flagged down by an elderly black woman who told the officers that two black men were selling drugs on the corner of America and Selma Streets. The officers drove to the intersection and observed Charles Keys and another black man standing on the corner. Keys was smoking a cigarette which he threw to the ground when he saw the police. Both officers got out of the police car and one of them retrieved the cigarette Keys had discarded. Believing it to be marijuana, the officers then arrested both men. 1
A search incident to that arrest revealed three marijuana cigarettes in a wallet and some loose marijuana wrapped in tin foil, both found in Keys’ pocket. The officers brought the men to central lock-up and had the marijuana analyzed. The analysis revealed the marijuana was laced with PCP.
Keys now urges that although there is sufficient evidence to show possession of marijuana, there is insufficient evidence to show the intent to possess PCP. La.R.S. 40:966(C) provides in pertinent part:
It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this part.
In assessing the sufficiency of the evidence to support Keys’ conviction, we consider the evidence in the light most favorable to the prosecution. Only if any reasonable trier of fact could not have found that the State proved every element of the crime beyond a reasonable doubt can we find the conviction violates due process and reverse the findings of the lower court. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Using this standard, we are unable to conclude that a reasonable jury could not have found beyond a reasonable doubt that Keys knowingly or intentionally possessed the PCP found in the marijuana.
Additionally, Keys contends that the Trial Judge erred when he overruled the defense’s objections to the prosecutor’s closing argument and the defense’s motion for a mistrial. The defense moved for a mistrial when one of the police officers testified that Keys was in possession of marijuana when arrested. Keys claims this is a *671 comment prohibited by La.C.Cr.P. art. 770. We disagree.
La.C.Cr.P. art. 770 mandates a mistrial, upon motion of defendant, “when a remark or comment, made within the hearing of the jury by the judge, district attorney; or a court official, during the trial or in argument, refers directly or indirectly to ... [ajnother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” La.C. Cr.P. art. 770; State v. Hayes, 414 So.2d 717 (La.1982). Louisiana courts adhere to the position “that a police officer is not a ‘court official’ within the meaning of La.C. Cr.P. art. 770 and therefore a mistrial is not required even if a policeman in the course of testifying refers to another crime.” State v. Harper, 430 So.2d 627, 635 (La.1983).
Moreover, we find that the prosecutor did not refer to other crimes. In closing, the district attorney attempted to explain why the elderly black woman who told the police that Keys was selling drugs was not a witness at trial. The defense objected and argues that this is an indirect reference to another crime to which evidence is not admissible. “The general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed.” State v. Haarala, 398 So.2d 1093, 1097 (La.1981). Keys was convicted for possession of PCP. Since the PCP was mixed in with the marijuana, the reference to possession of marijuana is inseparable from the possession of the PCP. Consequently, we find no merit to this argument.
Additionally, we have read the prosecutor’s closing argument carefully, and there is no direct or indirect reference to any crime other than the possession of PCP. Consequently, the Trial Judge properly overruled the defense’s objections and motion for a mistrial. Accordingly, we affirm Keys’ conviction and sentence.
AFFIRMED.