ARMSTRONG, Judge.
Defendant, Darrell Tarleton appeals his conviction for the armed robbery of Terris Bierria for which he was sentenced to ten (10) years at hard labor without benefit of parole, probation or suspension of sentence. We affirm the defendant’s conviction and sentence.
The record reveals one error patent. The court denied a motion for new trial on November 23, 1987 and proceeded immediately to sentence the defendant without waiting the mandatory twenty-four (24) hours from the denial of the motion. La.C.Cr.P. art. 873. There is no indication the defendant waived the delay. However, the defendant does not assign this as error nor does he allege any prejudice from his failure to waive this delay, if indeed he did not do so. Thus, this error is harmless. State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987).
On February 11, 1987, at approximately 3:30 p.m. police officer Angelo Smith and his partner responded to a fight in progress call as to a disturbance on the levee behind the Gregory School. They were immediately approached by Terris Bierra who told them that he had just been robbed by three young men who were at that time running down the levee. As the officers were giving chase they were stopped by another juvenile, Charles Bercy, who told them that he had also just been robbed and pointed out the same three fleeing subjects. The officers called for assistance and again pursued the suspects. The defendant was apprehended shortly thereafter. He was identified by both boys as one of the rob *1197 bers, specifically the defendant was identified as the one who pulled a gun on them. Property belonging to both victims was recovered. The gun was not found.
On appeal the defendant argues that the trial court erred in allowing the state to present evidence of other crimes not otherwise admissible at trial. The defendant maintains that Bercy should not have been allowed to testify and that he objected to the State calling Bercy as a witness because the State had agreed that it would proceed with only the armed robbery of Bierra. The defendant cites State v. Talbert, 416 So.2d 97 (La.1982) which states generally, evidence of other acts of misconduct is not admissible due to the substantial risk to the defendant of grave prejudice. Thus, the Louisiana Supreme Court requires that when the state intends to offer other crimes evidence at trial, it must furnish the defense a particularized statement of the other offenses or acts within a reasonable time prior to trial. State v. Prieur, 277 So.2d 126 (La.1973); State v. Hatcher, 372 So.2d 1024 (La.1979). Furthermore, the defendant submits that the State cannot rely on State v. Haarala, 398 So.2d 1093 (La.1981). The defendant argues that, although the other crime occurred shortly after the instant offense, and a short distance from the place where the instant offense took place, the State is prevented from allowing Bercy’s testimony as a res gestae exception because it had previously notified the defense that it would not proceed or use the other crimes evidence in the instant case. Based on these assurances by the State, the defense did not prepare for the use of this other crimes evidence at the trial on the merits. The defendant argues that given this context the State, having agreed not to use or proceed with this second incident, should be held to the notice requirement of Prieur, supra. Specifically, the defendant urges that once the trial court allowed other crimes evidence into evidence, it should have instructed the jury in its final jury charge regarding the limited purpose for which the evidence was received, and the court should have advised the jury that he could not be convicted for any charge other than the one named in the indictment or one responsive thereto. State v. Prieur, supra; State v. Ghoram, 290 So.2d 850 (La.1974); State v. Donahue, 408 So.2d 1262 (La.1982).
Having reviewed the record, we find that the testimony of Charles Bercy does qualify as a res gestae exception. La.R.S. 15:447 and 448 provides:
§ 447. Res gestae defined; admissibility
Res gestae are events speaking for themselves under the immediate pressure of the ocurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
§ 448. Relation of res gestae to criminal act
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before and after the commission of a crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, and after the commission of the crime, if a continuous chain of events is evident under the circumstances. State v. Kimble, 407 So.2d 693 (La.1981). Pretrial notice by the prosecution of its intention to use evidence forming part of the res gestae is not required. State v. Catchings, 440 So.2d 153 (La.App. 4th Cir. 1983); State v. Jackson, 450 So.2d 621 (La.1984).
State v. Haarala, supra, states that the purpose of such evidence, “other crimes evidence”, is to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. From the facts of this case it is evident that the defendant’s armed robbery *1198 of Bercy was a factor leading to his identification and arrest and was extremely relevant to show his connexity with the stolen property of Bierra. It was the initial armed robbery of Bierra which prompted the police to investigate, which in turn led to the discovery that Charles Bercy had also been robbed. These events formed a continuous chain of events evidencing the defendants’ series of armed robberies within minutes of each other. Bierra testified that only fifteen minutes elapsed between the time he gave the officers a description of his assailiant and the time they returned with the defendant for his identification.
It is clear that the purpose in introducing Bercy’s testimony was to show identification and motive, not to prejudice the defendant in any way. The arresting officers testified that with the descriptions that both of the victims offered of the armed robberies they were able to positively identify the defendant. We find that Charles Bercy’s testimony related events included within the statutory framework of res ges-tae. See: State v. Haarala, supra; State v. Edwards, 406 So.2d 1331 (La.1981), cert. den. 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467; State v. Brown, 321 So.2d 516 (La.1975).
The record also reveals that the state did not act contrary to its assurances that it would not proceed with the second charge against the defendant. The jury first heard reference to the robbery of Charles Bercy when the defense attorney elicited such information from the victim during cross-examination.. This “opening of the door” occurred prior to the in court controversy over whether Bercy should be allowed to testify. Furthermore, a review of the State’s examination of Charles Bercy reflects that the prosecutor was extremely careful not to question Bercy on the armed robbery. He instead established that Ber-cy was in the same area as the victim and was approached by three men, one of whom was the defendant. Bercy identified a chain that was later entered into evidence and stated that it was returned to him later that day by the police who had taken it off of the defendant. It was the defense attorney who expanded Bercy’s testimony into a full-blown description of the armed robbery. The defendant can not now complain that these events prejudiced him when it was questioning by the defense that presented this information to the jury in the first place.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.