LOBRANO, Judge.
Defendant, Warren Williams, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1
Defendant was arraigned on August 10, 1987 and pled not guilty. Trial was held on November 23, 1987. Defendant was found guilty as charged by a twelve-member jury. *951 On December 3, 1987, defendant was sentenced to serve four (4) years at hard labor without benefit of parole, probation or suspension of sentence. He was further ordered to pay a $1,000.00 fine or serve an additional thirty (30) days in default of payment.
FACTS:
On June 27, 1987, at approximately 7:40 a.m., police officers Clinton Lowman and Louis Dabdoub observed defendant, while riding his motorcycle, run a stop sign at the corner of Hickory and Leonidas Street. The officers stopped defendant and asked to see his drivers license. When defendant responded that he did not have one, the officers placed him under arrest. Pursuant to this arrest, the officers conducted a pat-down search of defendant which yielded a plastic bag in his pocket containing what the police suspected to be, and what later turned out to be, cocaine. The officers then placed defendant under arrest for possession of cocaine. Pursuant to this arrest, the officers searched two black leather pouches attached to defendant’s pants. In one they found $1,753.00 in currency, and a .38 caliber derringer containing two live rounds and a drivers license with defendant’s picture but in the name of “Warren Webb”. In the other pouch they found a mobile telephone. The officers placed defendant in the police car. Defendant did not want to leave his motorcycle in the street. Officer Lowman drove the motorcycle around the corner to defendant’s house while Officer Dabdoub followed with defendant in the police car. Defendant was then transported to central lockup.
At trial, the state was allowed to introduce into evidence, in addition to the gun, the cocaine, money and mobile telephone.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred by allowing the state to introduce evidence of other crimes to create the inference that defendant was a narcotics dealer and therefore a “bad man”.
2) The trial court erred by imposing jail time in lieu of the payment of a fine and court costs.
ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred by allowing the state to introduce evidence which created the inference that he was a narcotics dealer and therefore a “bad man”. Specifically, he points to the introduction of the cocaine, the money and the mobile telephone which were seized at the time of his arrest. He argues these exhibits constituted evidence of “other crimes” which were irrelevant and impermissible in his trial for being a convicted felon in possession of a firearm. He asserts the complained of evidence lacked sufficient “connexity” to the charged crime to be admissible under the res gestae exception because they were not necessary to prove any essential element of the crime charged. We disagree.
In State v. Prieur, 277 So.2d 126 (La.1973), our Supreme Court expressly recognized that “res gestae”[1] evidence is an exception to the prohibition against “other crimes” evidence. This exception is separate and distinct from the exceptions recognized in La.R.S. 15:445 and 446[2] where the *952 defendant must defend against evidence of other crimes in addition to the charged crime(s). The court further noted that notice is not required as to evidence of offenses which form part of the “res gestae”, whereas notice is required under the exceptions of R.S. 15:445 and 446.
In State v. Haarala, 398 So.2d 1093 (La.1981) the Court defined and explained the “close connexity” requirement of the res gestae rule as follows:
“The general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed, (citation omitted) In Louisiana, such acts are denominated as part of the res ges-tae and admitted under the authority of La.R.S. 15:447-48. A very close connexity between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception is required, (citation omitted) This close connexity in time and location is essential to the exception because no notice of the State’s intention to introduce evidence which are part of the res gestae is required.
* * * * * *
In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place, (citations omitted) The concomitant other crimes do not affect the accused’s character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none to it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised.” Id. at 1097.
Thus, evidence which forms any part of the res gestae is admissible.
The fact that the admissible evidence may be prejudicial does not bar its admission. State v. Hatch, 305 So.2d 497 (La.1975). See also, State v. Clift, 339 So.2d 755 (La.1976).
The state had a right to introduce evidence of the facts leading up to defendant’s arrest for being a felon in possession of a firearm. Although the officers had probable cause to search defendant incident to his traffic violation and not being in possession of a driver’s license, the discovery of cocaine provided additional probable cause to continue the search. The continued search then yielded the gun, money and mobile telephone. Although the money and mobile telephone in and of themselves are not evidence of “other crimes”, they were seized as part of the same transaction and in close temporal and spatial proximity to the charged offense. Thus, the “close connexity” required for “res gestae” evidence was clearly present. It is this court’s opinion that these items are immediate concomitant of the crime charged and were properly admitted by the trial court.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred by imposing a fine and court costs and the ordering additional jail time in lieu of payment. We agree.
This court has held unconstitutional that portion of an indigent defendant’s sentence imposing payment of a fine or court costs in default of which he must serve additional jail time. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986); State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986; State v. Kingsmill, 514 So.2d 599 (La.App. 4th Cir.1987). Defendant, although represented by private counsel at trial, was found to be indigent and is represented on appeal by the Orleans Indigent Defendant Officer.
*953 For the foregoing reasons, defendant’s conviction is affirmed. His sentence is amended to delete the jail time imposed in default of payment of the fine and court costs. In all other respects, defendant’s sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.

. La.R.S. 15:447 and 448 provide:
15:447:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
15:448:
“To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitant of it, or form in conjunction with it one continuous transaction."

. La.R.S. 15:445 and 446 provide:
15:445:
"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
15:446:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations *952 of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”