GAUDIN, Judge.
Jason P. Harrison was charged by grand jury indictment with second degree murder of three women. He was tried on one of the counts and found guilty of the April 7, 1990 second degree murder of Dawn Anderson. Harrison was sentenced to life in prison without benefit of parole, probation or suspension of sentence.
According to evidence adduced at trial, Harrison and Anderson struggled in his Me-tairie apartment before appellant forced the victim to the floor and strangled her with a necktie. A second necktie had been used by Harrison to tie Anderson’s hands together.
Harrison and Anderson had engaged in sexual activity before arguing over money demanded by Anderson. The altercation ensued. Harrison then placed Anderson’s body in the trunk of his automobile and deposited it in a wooded area near Cold Storage Road.
*106 On appeal, Harrison assigns two district court errors and asks this Court to search for errors patent. He contends (1) that the trial judge erred in instructing the jury outside the presence of defendant and his counsel and (2) that the trial judge was wrong in denying a request for a special jury charge relating to the statutory sentence for manslaughter.
Finding neither a reversible error nor any error patent, we affirm Harrison’s conviction and sentence.
ASSIGNMENT NO. 1
During jury deliberations, the jurors sent a note to the trial judge requesting various items. They wanted photographs which were in evidence; several transcripts which were in evidence; a past record of Harrison’s convictions, if any; and the two neckties.
The prosecuting attorney and Harrison’s counsel were at lunch when the request was made. Before leaving the courthouse, however, Harrison’s attorney stated to the trial judge that he would waive his presence if the jury asked for photographs or the neckties.
The trial judge sent photographs and the neckties to the jury deliberation room but he refused, in writing, requests for the transcripts and for Harrison’s conviction record, if any. After the attorneys returned to the courtroom and after the guilty verdict was announced, the trial judge advised them of what action he had taken concerning the jury’s request. Defense counsel objected to the verdict but made no objection to the trial judge’s response to the jurors’ note.
Subsequently, Harrison’s attorney filed a motion for a new trial in which he objected to the trial judge’s response to the jury’s request. The trial judge’s written response to the jury, denying the request for the past record of Harrison’s convictions, if any, was: “You are to decide this case based solely upon the evidence you heard from the witness stand and documents submitted into evidence.” The trial judge did not say whether Harrison did or did not have a record of convictions.
In his motion for a new trial, Harrison also objected to the response to the request for transcripts. When the motion was heard, Harrison’s counsel said:
“Our only problems were ... when they asked the question about the defendant’s record, if any, of convictions. And, your Honor, we felt that the critical part of this is that we had no input into formulating a response for the jury.”
Harrison has not, in district court or now on appeal, suggested a better way the trial judge might have worded a response, either with or without the defendant’s presence.
Initially, we note that because Harrison failed to object when informed of the trial judge’s response, he in effect waived the right to seek appellate review of this issue. See LSA-C.Cr.P. art. 841; also, State v. Wilson, 342 So.2d 670 (La.1977), and State v. Brown, 321 So.2d 516 (La.1975). Nonetheless, we will address the merits of this assignment of error.
LSA-C.Cr.P. art. 831(A) lists the times when a felony defendant must be present, such as (1) at arraignment, (2) when a plea is entered, (3) when the jury is being impan-elled, (4) when evidence is being adduced or a ruling on admissibility is being made and (5) when the verdict is rendered.
Although this article does not specifically cover the instant situation, the Supreme Court of Louisiana has said that when a trial judge communicates with the jury in a felony case, it should be done in open court with the accused present. See State v. Overton, 337 So.2d 1058 (La.1976). However, every violation of this directive does not result in a reversal. In Overton, the trial judge granted the jury’s request to view photographs without either the defendant or his counsel present. The Supreme Court stated that this did not prejudice the accused.
Here, while the trial judge’s response was in violation of the Overton rule, there was no prejudice. The trial judge did not make any inadvertent comments and there was no hint that Harrison had or might have a police record.
*107 ASSIGNMENT NO. 2
In this assignment of error, Harrison contends that the trial court erred in refusing to instruct the jury as to the penalty provision of manslaughter, a responsive verdict to second degree murder.
When a penalty imposed by the statute is mandatory, the trial court must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury. In other instances, the decision to permit or deny an instruction or argument on an offense’s penalty is within the sound discretion of the trial court. See State v. Jackson, 450 So.2d 621 (La.1984).
Because the penalty for manslaughter is not mandatory, see LSA-R.S. 14:31, the decision not to give the charge on the penalty was within the trial judge’s discretion. We see no error or prejudice in this ruling.
In this case, the evidence of guilt beyond a reasonable doubt was substantial. We affirm Harrison’s second degree murder conviction, the denial of the motion for a new trial and the sentence.
AFFIRMED.