292 So.2d 201 (1974)
STATE of Louisiana, Appellee,
v.
Robert H. BAGGETT and Jorge Mario Estevez, Appellants.
No. 54083.
Supreme Court of Louisiana.
March 25, 1974.
*202 Manuel A. Fernandez and J. Wayne Mumphrey, Indigent Defender Bd. Parish of St. Bernard, Chalmette, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Charles H. Livaudais, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants Baggett and Estevez were convicted of simple burglary, La.R. S. 14:62, and sentenced to six years at hard labor. Both defendants now appeal, Baggett having perfected five bills of exceptions and Estevez, fifteen.
The most substantial contentions are made (a) concerning the trial court's denial of a motion to suppress identification testimony (Bills No. 4Baggett and No. 11-Estevez) and (b) concerning the denial of a motion for a new trial, based upon the contention that a burglary could not be committed by the unauthorized entry into an open carport (Bill No.5-Baggett, No. 15-Estevez).
Motion to Suppress Identification
The crime was committed shortly after 1:00 AM. Mrs. Beatman was awakened by her barking dog. From her window, she saw two young men carrying a motor across the lawn next door. She watched a few seconds, then (realizing it was her son-in-law's motor) yelled at them. They stopped, looked sideways, then commenced running. At the point Mrs. Beatman saw them, they were 25-30 feet from her window.
Mrs. Beatman called the police. While she had seen their faces mostly sidewise, she described them as two young white men, with a description of their hair-color, height, and clothes. She testified that they were young men in their twenties, each with shoulder-length hair, one blond and about 5'7" in a light colored shirt, the other brunet and about 5'5" in a darker jacket.
The police station was less than a block away. The police soon afterwards picked up two young men of this general description in the vicinity and were bringing them to the station within minutes. As Mrs. Beatman arrived at the station, she saw the young men getting out of the police vehicle and spontaneously then identified them as the men she had seen taking the motor away, before she was asked by the police if they were the men she had seen. This was within a matter of minutes after the incident.
The defendants contend that Mrs. Beatman's identification of them was based upon her viewing them at the police station rather than upon her independent identification *203 of the persons seen committing a crime. See State v. Newman, 283 So.2d 756 (La.1973). The defendants thus contend that admission of the identification at the trial offended due process, as based upon unduly prejudicial identification procedure conducive to irreparable misidentification. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); State v. Newman, 283 So.2d 756 (La.1973).
Although the contention poses a serious issue, nevertheless we do not sustain it. Whatever inadequacy a one-on-one identification might have, under the present facts the totality of the surrounding circumstances proves by clear and convincing evidence that Mrs. Beatman's incourt identification of the defendants was based independently upon observations made at the scene of the crime rather than upon the station-house confrontation. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971).
Motion for New Trial on Ground No Evidence of Burglary
The outboard motor had been removed by use of bolt cutters from the rear of a boat backed into the Beatman carport.
The carport was included as an indentation under the roof of the Beatman residence, with its side and rear being walls of the house. The front of the carport was fenced by a fence running from the front corner of the house across the carport entrance to the side-fence, although one side of the carport opened on the fenced sideyard of the residence.
The carport was entered by a double gate in the fence at the carport front. The gates to the carport were closed when Mrs. Beatman checked before retiring for the night. When Mrs. Beatman looked out her window and saw the two men walking across her neighbor's lawn, she also noticed that one of the gates to the carport had been opened.
Simple burglary is defined as "the unauthorized entering of any vehicle, water craft or other structure, movable or immovable, with the intent to commit" a felony or theft. La.R.S. 14:62. Burglary was redefined by the 1942 Criminal Code, see La.R.S. 14:60 and Official Revision Comment to Art. 60 of Section 1, Act. No. 43 of 1942, to eliminate the former requirement of "breaking".
We do not find merit in the defendants' argument that the carport is not a "structure" and that walking into a carport open to the street is not an "unauthorized" entry. The carport, included within the frame and roof of the home and fenced to prevent entry, is a "structure", whether regarded as part of the home or instead as an independent structure with a roof and two walls and entirely fenced against entry by the public. For similar reasons, the entry was "unauthorized" since it was not open to the public with consequent implied consent. Cf. State v. Dunn, 263 La. 58, 267 So.2d 193 (1972), noted at 34 La.L.Rev. 342-43 (1974). The defendants cite no authority interpreting the present burglary statutes to the contrary.
Other Bills
The other bills pose no substantial issue:
Both defendants (Bill Nos. 1-3) attacked the petit jury venire as excluding a large and distinguishable portion of the population, allegedly being 18-25 year olds not registered to vote. The evidence shows the jury venire to be drawn at random *204 from voter registration rolls and utility customers. No evidence was taken to show any purposeful exclusion or inclusion, any imbalance or under proportion of veniremen as compared to the population, or any other purposeful or prima facie discrimination. The contention is without merit. See, e. g., State v. Leichman, 286 So.2d 649 (La.1973).
The defendant Estevez's Bills Nos. 4-8 were taken to the trial court's denials of his challenges for cause to certain prospective jurors, whereupon they were peremptorily challenged by the defendants. We have examined the voir dire examination and find no error in the trial court's rejection of the challenges for cause.
The defendant Estevez's Bills Nos. 9, 12, 13, and 14 were taken to allegedly prejudicial prosecutorial remarks. The trial court clearly did not err in denying a mistrial as to any of them. As to Bill No. 14, the argument that the jury should conclude that the witnesses at the trial "whose testimony is unrebutted were telling the truth" is attacked as an indirect reference to the failure of the defendants to testify, such as is prohibited by La.C.Cr.P. art. 770(4). Nevertheless, an incidental and unemphasized statement to the effect that there is no refuting evidence has been held not to constitute an impermissible reference to the failure of a defendant to testify. State v. Reed, 284 So.2d 574 (La. 1973).
Bill No. 10 of the defendant Estevez was taken to a minor and collateral question asked by the state on redirect examination, as being beyond the scope of the cross-examination. The bill possesses no merit.
Decree
For the foregoing reasons, we affirm the convictions and sentences.
Affirmed.