353 So.2d 716 (1977)
STATE of Louisiana, Appellee,
v.
John ALEXANDER, Appellant.
No. 59990.
Supreme Court of Louisiana.
December 19, 1977.
*717 Elizabeth W. Cole, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert L. Simmons, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Alexander was convicted of simple burglary, La.R.S. 14:62, and sentenced, as a second offender, La.R.S. 15:529.1, to serve nine years imprisonment at hard labor.
The defendant's appeal urges a total absence of evidence that he committed the burglary charged. The evidence at most proves, he contends, a criminal trespass into the fenced yard of the victim or an attempted (but unsuccessful) burglary.
La.R.S. 14:62 defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein * * *."
The evidence proves an unauthorized entry into a fenced yard of a business premise, with intent to steal some property in a shed within the yard. It does not show any entry into the shed itself.[1]
The central issue presented is whether the defendant's climbing the fence into the yard constituted an unauthorized entry of a "structure," within the meaning of La.R.S. 14:62.
This issue is raised by defendant's Assignment of Error No. 4. It questions the trial court's denial of a motion for a new trial. The motion's ground is that no evidence at all proves the unauthorized entry of a "structure", an essential element of the crime charged.
In denying the motion for a new trial, the trial court in its per curiam stated that it would have granted the motion, except that the evidence presented a jury issue as to whether the accused was guilty of attempted simple burglary.
If indeed the evidence does not prove an unauthorized entry of a "structure", then the motion for new trial should have been granted, because then no evidence at all proves this essential element of the crime of burglary charged. That the evidence may have been admissible to prove a responsive lesser verdict (attempted simple burglary) is irrelevant to the decision of the issue posed by the motion for new trial, after the accused was convicted for the greater crime but without any proof of one of its essential elements.
An unauthorized entry into a fenced yard is not within the legislative intention, "the unauthorized entering of any . . . structure." La.R.S. 14:62. The statutory history clearly so indicates.
The codification of our criminal law in the Louisiana Criminal Code, Act 43 of 1942 (now Title 14, La.R.S.), combined several burglary and breaking-and-entering statutes into Articles 60-62, now La.R.S. 14:60 (aggravated burglary) and 62 (simple burglary).[2] The statutes so consolidated all concerned building-type structures, in addition to vehicles and watercraft.[3] In the *718 ordinary meaning of language, a building is usually roofed and walled, at least partially.[4] Cf., State v. Baggett, 292 So.2d 201 (La.1974).
The Official Revision Comment to Article 60, in explaining the scope of the burglary offense, explains: "The crime extends to buildings, vessels, and movables as well as dwellings. . . In cases involving a structure, watercraft, or movable, however,. . . [i]f no one is present in such cases the crime can only be simple burglary. In the case of dwellings, inhabitation is all that is necessary; whether someone is actually there at the time of the crime is unimportant."
Thus, the historical antecedent and the doctrinal commentary of the legislation both connote that the felony of burglary is committed by unauthorized entry of a "structure" in the nature of a building, but not by an unauthorized entry of a fenced yard.
The articles of the criminal code "cannot be extended by analogy so as to create crimes not provided for" by it. La.R.S. 14:3. If interpreted in its statutory context and in the ordinary usage of language, see La.R.S. 1:3, the term "structure" does not include a yard, even though it is fenced; therefore, one who enters it without authorization may not be convicted of the statutorily-defined offense of burglary.
The trial court erred in denying a new trial.
Accordingly, we reverse the conviction and sentence, and we remand for a new trial in accordance with law.
REVERSED AND REMANDED.
NOTES
[1] The defendant is charged with burglary of an auto wrecker's premises. The premises consists of an office, a large shed in which parts and tools are stored, and a yard in which partially dismantled old automobiles are situated. The entire premises is surrounded by a tin fence ten feet high.
[2] By Act 285 of 1948, Articles 60 (burglary in the nighttime) and 61 (burglary in the daytime) were combined into the present aggravated burglary offense. La.R.S. 14:60. However, no change in language or intent is reflected insofar as the present issue as to what "structures" are intended to be included for purposes of the offense of burglary.
[3] See official revision comment to Article 60, Criminal Code of 1942. The following statutes are listed: Act 47 of 1890 (steamboats, vessels, railroad cars); and a series of 1926 enactments, mostly amending earlier statutes: Act 6 ("any building, whether inhabited or not"); Act 20 ("dwelling house or outhouse . . . or any shop, store, office, courthouse, church, barn, rice or sugar house, cotton gin, warehouse, bank, building" [and appurtenant outhouses]. . . "or any building, house or tent occupied for any purpose whatsoever, or any vessel"); Act 21 ("a dwelling house, dwelling tent, or any other place used as a dwelling"); Act 71 ("a dwelling house or dwelling tent, or other place used as a dwelling"); Act 72 (an itemization similar to that of Act 20).
[4] Webster's Third New International Dictionary, verbo "building," p. 292 (1961); Webster's New Collegiate Dictionary, verbo "building," p. 145 (1975).