hWICKER, Judge.
Jose Lopez and Elizabeth Romero were charged by bill of information with simple burglary in violation of La.R.S. 14:62. A six-person jury found the defendants guilty of unauthorized entry of a place of business, in violation of La.R.S. 14:62.4. Unauthorized entry of a place of business is a responsive verdict to simple burglary. La.Code Crim.P. art. 814(44). The defendants thereafter moved for a post verdict judgment of acquittal which was denied by the trial judge.
The trial judge heard and denied Lopez’ motion for new trial. Following this denial, he then sentenced Lopez to imprisonment at hard labor for eighteen months. On this date, Lopez was also arraigned on a previously filed multiple offender bill of information and entered a plea of not guilty.
Regarding Elizabeth Romero, the trial judge sentenced her to one year in parish prison. He suspended execution of the sentence and placed Romero on two years active probation.
Lopez and Romero each filed motions for appeal.
Thereafter, Lopez pled guilty to the multiple offender bill of information, and was sentenced pursuant to the provisions of La.R.S. 15:629.1, to three years at hard labor.[1]
|2The defendants assign the following errors:
1.The evidence is insufficient to support the jury’s verdict.
2. The trial court failed to inform defendant of the prescriptive period for seeking post-conviction relief.
3. Also assigned as error are any and all errors patent on the face of the record.
By this assignment, defendants challenge the sufficiency of the evidence used to convict them. Specifically, they allege that the state failed to prove that there was an unauthorized entry of a “structure” and also that there was an unauthorized entry of a “structure ... used as a place of business.”
The standard for testing the sufficiency of the evidence was set forth by this court in State v. Burrow, 565 So.2d 972, 976 (La.App. 5 Cir.1990), writ denied, 572 So.2d 60 (La. App. 5 Cir.1990), as follows:
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Davis, 540 So.2d 600 (5th Cir.1989). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. DiLosa, 529 So.2d 14 (5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Por-retto, 468 So.2d 1142 (La.1985), dissenting opinion, 475 So.2d 314 (La.1985).
*1202 In the present case, the defendants were charged with simple burglary, which is defined in La.R.S. 14:62 as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
However, after considering the evidence presented, the jury found the defendants guilty |3of the legislatively authorized responsive verdict of unauthorized entry of a place of business.[2] La.R.S. 14:62.4 A defines unauthorized entry of a place of business as “the intentional entry by a person without authority into any structure belonging to another and used in whole or in part as a place of business.”
At trial, Deputy George Singer of the Jefferson Parish Sheriffs Office testified that on February 18, 1994, at about 8:00 p.m., while on routine patrol in Metairie, he observed a brown station wagon in the parking lot of C’s Pharmacy, which had already closed. According to the officer, the automobile was parked alongside the building with its lights on, and its engine running. In addition, there was a fourteen-year-old girl in the front seat and a baby in the back seat. In response to the officer’s inquiry, the young lady in the front seat replied that she was waiting for her sister and her sister’s boyfriend who had gone to the back of the building. Since there were two children in the car, the officer turned the car off, removed the keys, and proceeded toward the back of the building.
At the back of the building, Officer Singer saw a male individual, whom he identified in court as Jose Lopez, with a box in his hands. When the deputy said, “Freeze, Sheriffs office,” Lopez dropped the box and ran. At that point, a female individual, whom the officer identified in court as Elizabeth Romero, ran out of the trailer and followed behind Lopez. After these two individuals fled, the officer called for backup assistance and then positioned himself in the corner of the building to keep an eye on the vehicle as well as on the direction in which the two individuals ran. A few minutes later, the two individuals returned to the scene. Approximately thirty minutes later, the owner of the business, Stephen Ciolino, arrived on the scene and identified the property in the box as his property that was located in the storage trailer.
At trial, Deputy Singer testified that on that night, after he read Romero her rights, she gave a statement in which she admitted that she and her boyfriend, Lopez, were inside the trailer. In this statement, she claimed that she did not know where the box came from and that she did not know why they ran away.
UStephen Ciolino, the owner of C’s Pharmacy, testified that his business usually closes at 6:00 and that he leaves the premises by 6:15 or 6:30. According to Mr. Ciolino, when he left his business on February 18, 1994, the storage trailer, used to store merchandise for his business, and located at the rear of the building was locked with a padlock. When he arrived on the scene after being notified by the police, the trailer was opened and had obviously been broken into. Mr. Ciolino identified the box of seasonal merchandise found outside the trailer as his property and further testified that when he left that night at about 6:30, this box of merchandise was located inside the trailer. At trial, Mr. Ciolino testified that the value of the merchandise was approximately $140.00-$150.00. Mr. Ciolino further testified that he did not know Jose Lopez or Elizabeth Romero, that he had never seen them before that night, and that he did not give them permission to enter his trailer or take his merchandise.
After the presentation of the state’s case through the testimony of these two witnesses, defense counsel called Kelly Romero to testify. She testified that on February 18, *1203 1994, she accompanied her sister, Elizabeth Romero, to look for boxes. While Kelly Romero was in the car watching the baby, a police officer approached and asked her what they were doing in the car. In response, Kelly Romero told him that her sister was looking for some boxes. According to this witness, the officer then secured her in the police car and left the baby in the station wagon.
Defendant, Elizabeth Romero, testified in her own behalf at trial. According to Ms. Romero, on February 18, 1994, she and Jose Lopez picked up her sister and went to look for empty boxes at C’s Pharmacy as they had picked up some boxes there two weeks earlier. They were there approximately five minutes when the police unit arrived. According to Romero, when the police officer arrived, she and Lopez were on the side of the container walking toward the car and that she subsequently ran from the police officer because she was scared. Romero testified that she at no time tried to conceal her presence and that she told the officer, pursuant to his questioning, that she was looking for boxes. Defendant further testified that when she went to the back of the building and saw the storage shed, there were no padlocks on it. During her testimony, Ms. Romero admitted that she noticed a box on the side of the container that had Easter dye in it, but she denied that either she or Lopez had touched | gthe box. She further claimed that Lopez never had a box in his hand.
On cross-examination, Ms. Romero admitted that she and her boyfriend, Jose Lopez, went inside the trailer to look for empty boxes. When they saw that there were no empty boxes, they left the trailer. She denied being inside the trailer when the police officer arrived.
After listening to this testimony, as well as rebuttal testimony by Officer Singer, the jury found the defendants guilty of unauthorized entry of a place of business.
Defendants complain that the trailer or container behind C’s Pharmacy was not a “structure” as contemplated by La.R.S. 14:62.4. Defendants reason that La.R.S. 14:62.4 does not include movables within the definition of structures and therefore does not include storage areas.
A structure is defined in Black’s Law Dictionary as follows:
Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind.
A combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.
In State v. Freeman, 539 So.2d 739 (La. App. 3 Cir.1989), writ denied, 543 So.2d 17 (La.1989), the court determined that a carport from which a lawnmower was stolen constituted a “structure” for purposes of La. R.S. 14:62, even though it was not attached to the house.
The Louisiana Supreme Court has held that an unauthorized entry onto a carport included within the frame and roof of the home and fenced to prevent entry, is a “structure” within meaning of the burglary statute, whether regarded as part of the home or as an independent structure. State v. Baggett, 292 So.2d 201 (La.1974). In State v. Haarala, 398 So.2d 1093 (La.1981), the court concluded that the hardware store’s pipe yard was properly considered a “building-type structure” for purposes of La.R.S. 14:62, where the pipe yard was completely enclosed and inaccessible to entry by the public.
Also, in State v. Jones, 93-873 (La.App. 3 Cir.1994), 631 So.2d 609, writ denied, 94-0574 (La. 6/3/94), 637 So.2d 498, the court concluded that evidence that battery was taken from a locked box, included on a small trailer which was attached to a truck, sufficiently 16established that battery was stolen from a “structure” to support a burglary charge.
The trailer or container can be deemed a “structure” for purposes of La.R.S. 14:62.4, even though it was not physically attached to C’s Pharmacy. The .evidence established that the construction in question was an enclosed storage trailer located be *1204 hind C’s Pharmacy. The trailer was enclosed on all sides and contained a door, which the owner testified that he kept locked. Although the trailer was not attached to C’s Pharmacy, it can be deemed an independent structure for purposes of the offense of unauthorized entry of a place of business. Therefore, the defendants’ argument that the trailer did not constitute a “structure” lacks merit.
Defendants also complain that the state failed to prove that the trailer was a place of business, in light of the fact that it was just a storage facility and that the public did not go into the trailer to purchase items. Black’s Law Dictionary defines “place of business” as “the location at which one carries on his business or employment.” In the present case, although the public did not go into the trailer to purchase items, it was used to store items for C’s Pharmacy. The storr age of items is an aspect of the conducting of business.
Based on the foregoing discussion, and in light of the facts set forth supra, it appears that the state proved beyond a reasonable doubt that the defendants committed unauthorized entry of a place of business. More particularly, the state proved through the testimony of Officer Singer and Stephen Ciolino, as well as the introduction of Romero’s statement, the intentional entry by defendants without authority into a structure belonging to another and used in whole or in part as a place of business. It is not the function of the appellate court to evaluate the credibility of witnesses and to overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). Such factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Lee, 526 So.2d 450 (La. 5th Cir.1988).
The defendants also argue the trial court failed to inform defendant of the prescriptive period for seeking post-conviction relief. La.Code Crim.P. art. 980.8 C states that “[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.” In the present case, as the state concedes, the record reveals that the trial 17judge failed to advise the defendants of the prescriptive period.
However, failure to inform the defendants does not constitute grounds for reversing the sentence or remanding the case for resentencing. La.Code Crim.P. art. 921. State v. McSweeney, 619 So.2d 861 (La.App. 3 Cir.1993). Instead, the appropriate remedy is to instruct the trial court to inform the defendants of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendants within ten days of the rendition of this opinion and to file written proof that the defendants received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Also assigned as error are any and all errors patent on the fact of the record. Regarding Romero, an error patent review reveals that Romero was not given credit for time served. According to La.Code Crim.P. art. 880, “[t]he court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.” Since Article 880 is mandatory in nature, Romero is entitled to credit for time served. Although this error is noted, it is of no consequence at the present time since the execution of Romero’s sentence was suspended and she was placed on probation. However, should probation be revoked in the future this omission would be relevant. State v. Williams, 593 So.2d 753 (La.App. 5 Cir.1992).
An error patent review reveals that the commitment reflects that Lopez was given credit for time served, but the transcript does not so reflect. Since Article 880, swpra, is mandatory in nature, the defendant is entitled to credit for time served despite the fact that it is not specifically stated in the transcript.
It is additionally noted that Lopez’ enhanced sentence was not specifically imposed without benefit of probation or suspension as required by La.R.S. 15:529.1 G. However, since the trial judge did not suspend any portion of the sentence or impose *1205 any probationary period, he, in effect, complied with the sentencing directive of the statute. State v. Washington, 563 So.2d 530 (La.App. 5 Cir.1990).
We amend Elizabeth Romero’s sentence to reflect credit for time served, in conformity with La.Code Crim.P. art. 880. We amend Jose A. Lopez’ sentence to award credit for time spent in actual custody, if any, prior to the imposition of his sentence.
| ^Accordingly, each defendants’ conviction and sentence is affirmed, but these matters are remanded to the district court, which hereby is ordered to send written notice to the defendants of the provisions of La.Code Crim.P. art. 930.8 within ten days of the rendition of this opinion and to file in the record of these proceedings written proof that the defendants received the notice.
CONVICTION AND SENTENCE AFFIRMED, CASE REMANDED WITH ORDER.

. See Assignment of Error Number 3 (error patent discussion) which addresses several errors in the sentencing of the defendants.

. A jury may return a legislatively provided responsive verdict, whether or not the evidence supports the verdict, as long as the evidence was sufficient to support a conviction of the charged offense, absent a contemporary objection. State v. Myers, 584 So.2d 242 (La.App. 5 Cir.1991), writ denied, 588 So.2d 105 (La.1991), cert, denied, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992).