719 So.2d 1076 (1998)
STATE of Louisiana
v.
Philip R. MORRIS.
No. 98-KA-236.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1998.
*1078 Laurie A. White, New Orleans, for Defendant/Appellant.
Paul D. Connick, Sr., District Attorney, Alison Wallis, Terry M. Boudreaux, George C. Wallace, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Before CANNELLA and DALEY, JJ., and ROBERT M. MURPHY, J. Pro Tem.
DALEY, Judge.
Defendant, Philip Morris, appeals his conviction and sentence for simple burglary, a violation of LSA-R.S. 14:62. On appeal, he makes the following assignments of error:
1. The appellant was denied his right to Due Process of law under the Fifth and Fourteenth Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution as there was insufficient evidence to support the verdict.
2. Appellant was denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 16 of the Louisiana Constitution of 1974 as his trial counsel was ineffective when she failed to pursue her pre-trial motions to obtain a trial court ruling determining whether evidence seized was admissible or inadmissible at trial.
3. Appellant was denied his right to judicial review pursuant to Article I, Section 19 of the Louisiana Constitution of 1974, as the trial record does not contain the trial court's decisions regarding seized evidence.
4. The trial court erred in imposing a maximum sentence and an illegal sentence of twelve (12) years imprisonment at hard labor upon the appellant for simple burglary and attempting to obtain a controlled dangerous substance by fraud, as the sentences are excessive and thereby violate the appellant's rights under the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974.
We affirm defendant's conviction.
On November 28, 1995, the Jefferson Parish District Attorney filed a Bill of Information charging the defendant, Philip Morris, with simple burglary, a violation of LSA-R.S. 14:62. The defendant was arraigned on April 9, 1996, and entered a plea of not guilty.
A jury trial was held on October 20, 1997. A jury of six found the defendant guilty as charged. On November 17, 1997, the trial court sentenced the defendant to imprisonment at hard labor for twelve (12) years, with credit for time served. On November 21, 1997, defense counsel filed a Motion to Reconsider Sentence, which the trial court denied on November 26, 1997. On the same day, the defendant filed a Motion for an Appeal, which the trial court granted on November 26, 1998.

FACTS
The following facts were developed from trial testimony. Deputy Joe Moore of the *1079 Jefferson Parish Sheriff's Office testified that on November 5, 1995, he responded to a call reporting an alarm going off at 6305 Airline Highway, a Hibernia Bank location. He arrived at the scene one minute later and saw the defendant exiting an ATM kiosk carrying a crowbar and another tool. He asked the defendant what he was doing, and the defendant replied that he was working. He asked the defendant again what he was doing, and the defendant replied he worked there, could gain access any time, and that he lost his card in the ATM machine and was trying to get it back. Again, the defendant told Deputy Moore he worked there. Deputy Moore handcuffed the defendant and waited for the Hibernia representative to arrive. Upon arrival the Hibernia representative, Mr. Moran, told Deputy Moore that the defendant did not work for the company. Inspection of the ATM kiosk revealed that the door was hammered in and the ATM machine was "torn up." Captain Doug Champagne of the Jefferson Parish Sheriff's Office corroborated Deputy Moore's testimony.
Mr. William Moran, the Vice President of the Corporate Security Department for Hibernia Bank, testified that he responded to the alarm on November 5, 1995. He told the jury that he investigated the damage to the ATM machine and estimated that there was about $3,000.00 worth of damage done to the machine and the structure housing it. He testified that the building housing the ATM was a self-contained structure into which the public is never allowed.
The defendant did not offer any witnesses or testimony on his own behalf. Based on the foregoing, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
The appellant was denied his right to Due Process of Law under the Fifth and Fourteenth Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution as there was insufficient evidence to support the verdict.
The defendant argues that the evidence presented at trial was insufficient to show that, 1) the ATM kiosk was a "structure" as defined by LSA-R.S. 14:62; and 2) the defendant had the requisite intent to commit simple burglary.
The standard for reviewing the sufficiency of evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and adopted by Louisiana in State v. Abercrombie, 375 So.2d 1170, 1177-1178 (La.1979), cert. denied, Abercrombie v. Louisiana, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). See also State v. Mussall, 523 So.2d 1305 (La.1988).
In Jackson, the court held that Due Process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. Under Jackson a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. A reviewing court is required to consider the whole record, and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. The actual trier of fact is presumed to have acted rationally until it appears otherwise. State v. Mussall, 523 So.2d at 1310 (La.1988).
The defendant in this case was charged with a violation of LSA-R.S. 14:62 which states:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
The defendant argues that the ATM kiosk was not a "structure" as contemplated by LSA-R.S. 14:62. This Court addressed a similar argument in State v. Lopez, 95-558 (La.App. 5 Cir. 12/27/95), 666 So.2d 1200. In Lopez the defendant argued that a locked storage trailer was not a structure for purposes of 14:62.4. This Court via Black's Law Dictionary defined a structure as:
Any construction, or any production or piece of work artificially built up or composed *1080 of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind.
A combination of materials to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.

Lopez at 1203.
The Lopez court held that a storage trailer, enclosed on all four sides and containing a locked door, was a structure for purposes of LSA-R.S. 14:62.4. The structure in the instant case was an ATM kiosk, which was described at trial as a self-contained structure eight (8') feet tall and approximately seven (7') feet wide completely enclosed with four walls, a roof, and a door which was kept locked at all times. We find that the ATM kiosk is a structure for purposes of LSA-R.S. 14:62. This argument has no merit.
The defendant further argues that the evidence was insufficient to show that he had the requisite intent to commit simple burglary. To be found guilty of simple burglary, one must have made an unauthorized entry to a structure with the intent to commit a felony or any theft therein. LSA-R.S. 14:62. The requisite intent is specific intent. Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act...." LSA-R.S. 14:10; State v. Page, 96-227 (La. App. 5 Cir. 8/28/96), 680 So.2d 104. Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. Bonck, 613 So.2d 1125 (La.App. 5 Cir.1993), writ denied, 620 So.2d 840 (La.1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard, supra. State v. Huizar, 414 So.2d 741 (La.1982); State v. Augustus, 93-406 (La.App. 5 Cir. 2/23/94), 633 So.2d 783, writ denied, 642 So.2d 1284 (La.1994).
The defendant concedes that he was present in the building without authorization. He argues, however, that the state failed to show he had the intent to do more than damage the property. However, in this case the property damage to the kiosk itself is the "felony" committed therein. The evidence in this case shows that the defendant entered the kiosk by breaking the door, exited carrying two tools, one of which was some type of crowbar, and committed approximately $3,000.00 damage to the ATM machine. Criminal damage in this amount is considered a felony. See LSA-R.S. 14:56(A). The jury found these circumstances substantial enough to infer the defendant's specific intent to commit a theft or other felony. Such factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Francis, 95-194 (La.App. 5 Cir. 11/28/95), 665 So.2d 596. We find that the jury's conclusion was supported by the evidence. This argument has no merit.

ASSIGNMENT OF ERROR NUMBER TWO
Appellant was denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 16 of the Louisiana Constitution of 1974 as his trial counsel was ineffective when she failed to pursue her pre-trial motions to obtain a trial court ruling determining whether evidence seized was admissible or inadmissible at trial.
The defendant argues that trial counsel was ineffective for failing to file pre-trial motions to suppress the evidence, identification, and confession.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by *1081 assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989). Insofar as the record in this case allows, defendant's arguments are discussed below.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450, 94-1361 (La.11/4/94), 644 So.2d 1055. To show "prejudice" as required in order to establish ineffective assistance of counsel, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Soler, supra. Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). Because there is no precise definition of reasonably effective assistance of counsel, any inquiry into the effectiveness of counsel must be specific to the facts of the case. State v. Peart, supra.
The defendant argues that trial counsel was ineffective for failing to file pre-trial motions to suppress the evidence, confession, and identification. This Court, in State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, writ denied, 706 So.2d 450 (La.1997), held that, for purposes of an ineffective assistance of counsel claim, pretrial motions are squarely within the ambit of the attorney's trial strategy, and counsel is not required to engage in futility. It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.1984), writ denied, 457 So.2d 1200 (La.1984). The defendant in the instant case fails to show how he was prejudiced by failure to file these motions. There is no evidence in the record of a confession or identification. Further, the defendant does not allege any specific facts that would support a finding of an unconstitutional search or seizure requiring suppression of the evidence. See. LSA-C.Cr.P. art. 703. The testimony of the officers shows that defendant was apprehended holding the tools in full view, and that no evidence was seized through a search of any kind. Accordingly, absent any specific showing of prejudice, it does not appear that trial counsel was ineffective by failing to file pre-trial motions to suppress.
The defendant further argues that trial counsel was ineffective for misstating the crime in the Motion to Reconsider Sentence. The Motion to Reconsider Sentence filed in this case states that the defendant was convicted of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, when in fact he was convicted of simple burglary, a violation of LSA-R.S. 14:62. However, the defendant does not show this misstatement prejudiced him. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE
Appellant was denied his right to judicial review pursuant to Article I, Section 19 of the Louisiana Constitution of 1974, as the trial record does not contain the trial court's decisions regarding seized evidence.
The defendant, in his brief, bases this argument on the assumption that pre-trial motions were filed and hearings were held. As the state points out, this assumption may be based upon the cover sheet of an "omnibus motion" filed in the record which has an "x" by the category for Motion to Suppress Evidence, Confession, and Identification. However, a careful review of the record reflects that actual motions to suppress the evidence were never filed (as the defendant concedes in Assignment of Error Number Two) and suppression hearings were never held. It *1082 would have been impossible, therefore, to include transcripts of the trial court's determinations regarding suppression of evidence, because no motions were made and no hearings were held. Accordingly, this assignment has no merit.

ASSIGNMENT OF ERROR NUMBER FOUR
The trial court erred in imposing a maximum sentence and an illegal sentence of twelve (12) years imprisonment at hard labor upon the appellant for simple burglary and attempting to obtain a controlled dangerous substance by fraud, as the sentences are excessive and thereby violate the appellant's rights under the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974.
The Louisiana Constitution in Article 1, § 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La. 1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
The court should consider three factors in reviewing a judge's sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 523 So.2d 1320.
In the present case, defendant was found guilty of simple burglary, a violation of LSA-R.S. 14:62. The sentencing provisions of R.S. 14:62 state:
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years or both.
The defendant argues that the twelve year sentence imposed was excessive because the trial court failed to state his sentencing considerations in the record. As amended, Article 894.1 requires that the trial court state for the record the considerations taken into account and the factual basis for imposing sentence. If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing. State v. Lanclos, 419 So.2d 475, 478 (La.1982). Further, LSA-C.Cr.P. art. 881.4 provides that "the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."
The sentence that the judge imposed was not the maximum sentence allowable by law, because no fine was imposed. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065. We find that the $3000.00 of damage done to the ATM machine and kiosk warranted the twelve year sentence despite the defendant's lack of a prior criminal history.
The defendant further asks this Court to review an excessiveness claim for the sentence he received in Case Number 96-0230. However, there is no evidence in the record that an appeal has been filed in that matter. Moreover, Case Number 96-0230 is not before us on appeal. Absent the filing of an appeal, this Court lacks jurisdiction to review this claim. LSA-C.Cr.P. arts. 912, 920.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
*1083 A review of the record reflects that although the trial court did inform the defendant of the three year time limitations in which he could file an Application for Post-Conviction Relief, the trial court inaccurately told the defendant that the three years ran from the date of sentencing, instead of the correct time period of three years after his judgment of conviction and sentence becomes final within which to apply for postconviction relief. LSA-C.Cr.P. art. 930.8. We hereby order the trial court to send written notice of the prescriptive period, and the date from which it runs, to the defendant within ten (10) days of the rendering of this Court's opinion, and file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Accordingly, we affirm the defendant's conviction and sentence, and remand as per the above paragraph.
AFFIRMED; REMANDED WITH INSTRUCTIONS.