997 So.2d 879 (2008)
STATE of Louisiana
v.
Ronnie A. NOEL.
No. 2008 KA 0961.
Court of Appeal of Louisiana, First Circuit.
November 14, 2008.
*880 Walter P. Reed, District Attorney, Covington, LA, Kathryn W. Landry, Baton Rouge, LA, for State of Louisiana.
Bertha M. Hillman, Thibodaux, LA, for Defendant-Appellant Ronnie A. Noel.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
The defendant, Ronnie A. Noel, and Tony Mosely were charged by bill of information with two counts of simple burglary, violations of La. R.S. 14:62.[1] The defendant pled not guilty. The defendant filed a motion to quash the bill of information, which was denied. The defendant withdrew his former plea of not guilty and entered a Crosby plea of guilty as charged to both counts, reserving his right to appeal the court's ruling on the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced the defendant to ten years imprisonment at hard labor for each count, with the sentences to run concurrently. The defendant now appeals, designating one counseled and one pro se assignment of error. We affirm the convictions and sentences.

FACTS
On February 24, 2007, the defendant, who was in a wheelchair, and an accomplice, Mosely, entered Office Depot on Gause Boulevard in Slidell. Without detection, they proceeded to the employee lounge. The door to the employee lounge was marked "Employees Only." Office Depot employees stored their personal belongings in lockers in the employee lounge. The defendant and/or Mosely cut off the locks that were securing the lockers of employees Karen Landry and Angelle Noullet. The defendant and Mosely took Landry's and Noullet's purses from the lockers and removed the valuables from them. The purses were discarded in the trash bin inside the handicap stall of the Office Depot men's restroom. The defendant and Mosely left the store and, a short while later, Slidell police found them near the entrance of Walgreens on Gause Boulevard. Mosely was in possession of Landry's checkbook. The defendant was in possession of Noullet's driver's license, Sam's Club card, various gift cards, and checkbook. The defendant was also in *881 possession of Landry's Capital One debit card.

COUNSELED AND PRO SE ASSIGNMENTS OF ERROR
In his sole counseled assignment of error and sole pro se assignment of error, the defendant argues the court erred in denying his motion to quash the bill of information charging him with two counts of simple burglary. Specifically, the defendant contends that his offenses did not constitute simple burglaries because the employee-only room in the back of Office Depot is not an "other structure" under La. R.S. 14:62, the simple burglary statute.
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein. See La. R.S. 14:62(A). The defendant contends that the employee lounge is not a structure as contemplated by the simple burglary statute, but is, instead, a room within the Office Depot Building, which is a structure. Each division, or room, inside the structure of Office Depot, the defendant maintains, is a part of that structure, not a separate structure unto itself. Therefore, according to the defendant, since Office Depot was open to the public at the time he entered it, there was no unauthorized entry into a structure. As such, he could not have committed a simple burglary. The defendant's contention is baseless.
The separate and distinct area of the Office Depot employee lounge easily fails within the ambit of the "other structure" language of La. R.S. 14:62(A). That the fact Office Depot is a structure would render any other separate unit or room within Office Depot a non-structure, as suggested by the defendant, has no basis in law or fact. The employee lounge is simply a structure within a structure. See State v. Baggett, 292 So.2d 201, 203 (La. 1974), where the supreme court found that, for purposes of the simple burglary statute, a house carport, "included within the frame and roof of the home and fenced to prevent entry, is a `structure', whether regarded as part of the home or instead as an independent structure with a roof and two walls and entirely fenced against entry by the public." See also State v. Perkins, 517 So.2d 314, 316-17 (La.App. 1 Cir. 1987), writ denied, 519 So.2d 141 (La.1988), where this court found that the area behind the ticket counter in a Greyhound Bus Station, where the door to such area was locked and could be opened only from the inside, clearly fell within the term "structure" as that term is used in the simple burglary statute.
The unauthorized entry by the defendant occurred not when he entered Office Depot, but when he entered an area restricted to Office Depot employees only. See State v. Bailey, 573 So.2d 610, 615-16 (La.App. 2 Cir.1991). An entry with undeclared felonious intent is not "unauthorized" if it is with the knowing and voluntary consent, express or implied, of the owner or occupant of the premises. State v. Smith, 98-2078, p. 8 (La.10/29/99), 748 So.2d 1139, 1143 (per curiam). See State v. Dunn, 263 La. 58, 64, 267 So.2d 193, 195-96 (1972). In the case of a building that is open to the public, the consent to enter the building at the times when it is open to the public and within the confines designated is implied, regardless of the intent of the person so entering. Although entry into a building open to the public during given hours is considered as an authorized entry with the implied consent of the owner, the implied authority extends only to the designated public areas and not to private or employees-only areas of the building. State v. Schleve, 99-3019, pp. 6-7 *882 (La.App. 1 Cir. 12/20/00), 775 So.2d 1187, 1193-94, writ denied, XXXX-XXXX (La.12/14/01), 803 So.2d 983, writ denied, XXXX-XXXX (La.12/14/01), 804 So.2d 647, cert. denied, 537 U.S. 854, 123 S.Ct. 211, 154 L.Ed.2d 88 (2002).
In the instant matter, the lockers were located in the employee lounge, a separate and distinct room from the public access areas of Office Depot. The door to the employee lounge was marked "Employees Only." Nothing in the facts indicates the defendant was given permission to enter the employee lounge. Thus, under the facts and the jurisprudence, there was an unauthorized entry of a structure by the defendant, wherein he committed two separate acts of theft. Accordingly, the defendant was properly charged with two counts of simple burglary. The trial court, therefore, did not err in denying the motion to quash the bill of information.
These assignments of error are without merit.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] Mosely was tried separately and found guilty as charged. In an unpublished opinion, State v. Mosely, XXXX-XXXX (La.App. 1 Cir. 6/6/08), 2008 WL 2330568, this court affirmed Mosely's convictions and sentences.