McClendon, j.
I {.The defendant, Jovan Murphy, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The State filed a habitual offender bill of information and, following a hearing on the matter, the defendant was adjudicated a third-felony habitual offender. Because the defendant’s prior convictions were also for simple burglary, the defendant faced mandatory life imprisonment, pursuant to LSA-R.S. 15:529.1(A)(3)(b). The defendant filed a motion for deviation from mandatory sentencing, requesting that the trial court, pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993), deviate from the mandatory minimum sentence requirement under the Habitual Offender Act. The trial court granted the motion and sentenced the defendant to eighteen years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant now appeals, designating two assignments of error. For the following reasons, we affirm the conviction, habitual offender adjudication, and sentence.

FACTS

On April 1, 2013, around midnight, Officers Mike Johnson and Gerard Breaux, with the Gonzales Police Department, were dispatched separately to the Home Depot store on South Cajun Avenue because its burglar alarm had been triggered. The southeast side of the store had a large fenced area attached to it. Several lawn tractors were stored in the area. When Officer Breaux arrived, he saw two men, later identified as the defendant and David Lewis, climbing up and down metal storage racks inside of the fenced area. The perpetrators had cut the padlock off of the fence gate with eighteen-inch bolt cutters. They then backed a U-Haul truck to the open gate and rolled three lawn tractors from within the gated area onto the truck. The value of each tractor was $1,699.
Officer Breaux drew his gun and ordered the defendant and Lewis to exit the fenced area. The perpetrators split up and began climbing over the fence at different locations. Officer Breaux holstered his gun and drew his taser. The defendant jumped |ato the ground on the outside of the fence and began running. Officer Breaux tasered the defendant, subduing him. Lewis managed to escape on foot, but was apprehended a few hours later.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In these related assignments of error, the defendant argues, respectively, that the evidence was insufficient to convict him *67 of simple burglary; and the trial court erred in denying his motion for new trial and postverdict judgment of acquittal.[1] Specifically, the defendant contends that his offense did not constitute a simple burglary because the fenced-in area attached to Home Depot was not a “structure” under LSA-R.S. 14:62(A).
A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See LSA-C.Cr.P. art. 821(B); State v. Ordodi, 06-0207 (La.11/29/06), 946 So.2d 654, 660; State v. Mussali, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard of review, incorporated in LSA-C.Cr.P. art. 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfin-der must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See State v. Patorno, 01-2585 (La.App. 1 Cir. 6/21/02), 822 So.2d 141, 144.
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein. See LSA-R.S. 14:62(A). The defendant contends that he did not commit a simple burglary because he did not enter a “structure” with the intent to commit a theft therein. According to the defendant, a “structure” is something that is enclosed by four walls “and a roof.” The fenced-in area that the defendant entered [4did not have a roof; thus, the defendant argues, the fenced area was not a structure. The defendant asserts the evidence was sufficient to convict him of the “lesser crime” of unauthorized entry of a place of business. See LSA-R.S. 14:62.4.
The area at issue, where the police found the defendant, was a large enclosure fenced in on three sides. An exterior wall on the southeast side of Home Depot constituted the fourth side of the enclosure. In other words, the three-sided enclosure was attached to the Home Depot building. Items and lawn tractors were stored in the enclosure. Only .employees were allowed in the enclosure, and the enclosure’s sole entry point was a gate, secured with a padlock with an alarm that set automatically when the store alarm was set. This padlock was cut from the gate, which enabled the defendant to enter the enclosure. The three sides that extended from the wall of the building were comprised of a thick, large eighteen-foot tall fence, enforced with metal columns and straps. There was no roof on the fenced enclosure. Detective Sergeant Steven Nethken of the Gonzales Police Department processed the scene and testified at trial that this was not a fence like a chain link fence in someone’s backyard; rather, it was “massive.” William Hullum, a twenty-year employee with Home Depot, testified at trial that the fence was built to hurricane standards, and it was bracketed with “4 x 8 x 8” poles. A photograph of the fenced-in area was introduced as State’s exhibit 1, and is reproduced below:
*68 [[Image here]]
Black’s Law Dictionary (10th ed.2014), defines “structure,” in pertinent part, as “[a]ny construction, production, or piece of work artificially built up or composed of | ¿parts purposefully joined together.” Accord State v. Bryant, 34,244 (La.App. 2 Cir. 12/6/00), 775 So.2d 596, 602, writ denied, 01-0144 (La.11/2/01), 802 So.2d 627, which refers to the Black’s Law Dictionary definition of “structure” in interpreting LSA-R.S. 14:62.2 (simple burglary of an inhabited dwelling).
In State v. Freeman, 539 So.2d 739 (La. App. 3 Cir.), writ denied, 543 So.2d 17 (La.1989), the court determined that a carport, which was affixed to a house and open on two sides, was a structure for purposes of the simple burglary statute.
However, in State v. Alexander, 353 So.2d 716, 717-18 (La.1977), the supreme court found that a fenced yard around a business premises was not a structure under the burglary statute. The ten-foot high tin fence in Alexander surrounded the business. Id. at 717 n. 1. Also inside the fenced area was a shed with tools in it, which apparently the defendant did not or could not enter. Id. at 717. The supreme court noted that under the codification of our criminal code in 1942, several burglary and breaking-and-entering statutes were combined into Articles 60-62, and that these statutes concerned building-type structures (in addition to vehicles and watercraft); the supreme court followed up this observation with, “In the ordinary meaning of language, a building is usually roofed and walled, at least partially.” (emphasis ours). Id. at 717-18. The supreme court concluded that -the term “structure” did “not include a yard, even though it is fenced[.]” Id. at 718.
Alexander is distinguishable from the instant matter because the area at issue in Alexander was merely a fenced yard that surrounded the entire premises. The business inside of that fenced yard was an auto wrecker’s premises, consisting of an office and a large shed, which housed parts and tools. In comparison, the structure at issue in the instant matter did not surround the Home Depot store, but was, instead, attached to a wall of the business. The fenced enclosure, created for employ *69 ees only, was a storage area, which was an extension of the store itself. That is, unlike the stand-alone fence in Alexander, the eighteen-foot high, reinforced fence in this case was attached to the Home Depot building, which formed one of the four walls of the structure.
| (¡Based on the definition of a structure, the description of the fenced area, and the photographic evidence, we And that the Home Depot fenced enclosure falls within the ambit of the “other structure” language of LSA-R.S. 14:62(A). While the existence of a roof has been noted in several cases addressing this issue, no court has held that a roof is a necessary condition for a structure to qualify as such under LSA-R.S. 14:62(A). See State v. Haarala, 398 So.2d 1093, 1099 (La.1981) (an enclosed fenced area covered by a tin roof was a structure); State v. Noel, 08-0961 (La.App. 1 Cir. 11/14/08), 997 So.2d 879, 881-82, writ denied, 09-0209 (La.10/30/09), 21 So.3d 273, (an employee-only lounge in the back of Office Depot, separate and distinct from public access areas, was a structure); State v. Morris, 98-236 (La. App. 5 Cir. 9/16/98), 719 So.2d 1076, 1079-80 (ATM kiosk with four walls and a roof was a structure); State v. Lopez, 95-558 (La.App. 5 Cir. 12/27/95), 666 So.2d 1200, 1203-04 (a locked storage trailer was. a structure); and Freeman, 539 So.2d at 743 (carport open on two sides was a structure).
Further, the eighteen-foot tall structure with a padlocked gate was clearly designed to keep the public out and to allow for employee-access only. Undeniably, the defendant was not given permission to enter this area; to the contrary, the cut padlock via bolt cutters established the defendant entered a prohibited area.
Under the specific facts of this case, there was an unauthorized entry of a structure by the defendant, wherein he committed acts of theft when he rolled three lawn tractors • onto an awaiting U-Haul. truck. Accordingly, the defendant was properly charged with and convicted of simple burglary. The trial court did not err in denying the motion for new trial / in arrest of judgment.
The assignments of error are without merit.

CONCLUSION

For the foregoing reasons, we affirm the defendant’s conviction, habitual offender adjudication, and sentence.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND; SENTENCE AFFIRMED.

. The defendant did not "file a motion for postverdict judgment of acquittal, but instead filed a “MOTION FOR NEW TRIAL IN THE ALTERNATIVE MOTION IN ARREST OF JUDGMENT.”